IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **LEROY PERRY, JR.,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| **CERES MARINE TERMINALS, INC.** | ) ) |
| Intervenor, | ) ) Civil Action No. ) |
| vs. | ) ) |
| **NYK LINE (NORTH AMERICA) INC., MIYAZAKI SANGYO KAIUN CO., LTD., and HOKOKU MARINE CO., LTD.,** | ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**TO:  JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION:**

COMES NOW Defendants MIYAZAKI SANGYO KAIUN CO., LTD., and HOKOKU MARINE CO., LTD., (hereinafter "Removing Defendants") and, preserving its defenses including lack of personal jurisdiction, files this Notice of Removal of the above-styled action from the State Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division.  In support of this removal, Removing Defendants show the following:

1. On May 26, 2016, Plaintiff Leroy Perry, Jr. ("Plaintiff") filed his Complaint in the State Court of Chatham County, Georgia, styled *Leroy Perry, Jr. v. NYK Line (North America) Inc.*, Case No. STCV1600779 ("State Court Action").  Copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached.

2. On August 1, 2016, Plaintiff filed a Motion to Add Miyazaki Sangyo Kaiun, Co., Ltd. and Hokoku Marine Co., Ltd. The Court ordered the addition of the aforementioned Removing Defendants as named parties-defendant on November 16, 2016.

3. On March 6, 2017, Plaintiff filed his first Amended Complaint for Damages ("Amended Complaint") adding Miyazaki Sangyo Kaiun Co., Ltd. and Hokoku Marine Co., Ltd. as parties-defendant.

4. Although Defendants contest the validity of Plaintiff's attempt to serve process, Removing Defendants were purportedly served on or about October 27, 2017, with the Amended Complaint and Process.

5. Fewer than thirty (30) days have transpired since receipt by Removing Defendants of the Amended Complaint and Process, and the deadline for Removing Defendants to respond to the Amended Complaint in the State Court of Chatham County has not passed.

6. The Plaintiff's State Court Action is hereby removed to this Court under 28 U.S.C. § 1441, by virtue of the original jurisdiction this Court enjoys under 28 U.S.C. § 1332(a) (diversity jurisdiction).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7. This Court enjoys diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and all Defendants and more than $75,000.00 is "in controversy," exclusive of costs and interest.

8. As alleged by Plaintiff in his own Complaint, Plaintiff is a citizen of the State of Georgia. (*See* Complaint at ¶ 1).

9. As Plaintiff further concedes in his Complaint, Defendant Miyazaki Sangyo Kaiun Co., Ltd. ("Miyazaki") is a foreign corporation. (*See* Complaint, ¶ 3). Defendant Miyazaki is not incorporated in the State of Georgia, but is instead organized under the laws of

the nation of Japan with its principal office and principal place of business in Tsukumi-shi, Oita Prefecture, Japan (*See* Complaint, ¶ 3). Because Defendant Miyazaki is not incorporated in Georgia, and does not have a principal place of business in Georgia, Defendant Miyazaki is not a citizen of the State of Georgia.

10. As Plaintiff further contends in his Complaint, Defendant Hokoku Marine Co., Ltd. ("Hokuku") is a foreign corporation. (*See* Complaint, ¶ 4). Defendant Hokuku is not incorporated in the State of Georgia, but is instead organized under the laws of the nation of Japan with its principal office and principal place of business in Tsukumi-shi, Oita Prefecture, Japan (*See* Complaint, ¶ 3). Because Defendant Hokuku is not incorporated in Georgia, and does not have a principal place of business in Georgia, Defendant Hokuku is not a citizen of the State of Georgia.

11. As Plaintiff also alleges in his Complaint, and as Co-Defendant NYK LINE (NORTH AMERICA), INC. admits in its Answer, NYK LINE (NORTH AMERICA), INC. is organized under the laws of the State of Delaware, with its principal office and principal place of business in Secaucus, New Jersey. (*See* Answer of Defendant Co-Defendant NYK LINE (NORTH AMERICA), INC., ¶ 2). Because Defendant NYK LINE (NORTH AMERICA), INC. is not incorporated in Georgia, and does not have a principal place of business in Georgia, NYK LINE (NORTH AMERICA), INC. is not a citizen of the State of Georgia. NYK LINE (NORTH AMERICA), INC. has provided its consent to this removal (*See* Consent to Removal of Defendant NYK LINE (NORTH AMERICA), INC., filed contemporaneously herewith).

12. As jointly-removing defendants herein, and without waiving their defenses as to personal jurisdiction or improper service of process, Removing Defendants Miyazaki and

Hokoku consent to each other's removal of this action to the United States District Court for the Southern District of Georgia.

13. Intervenor CERES MARINE TERMINALS, INC. is a corporation organized under the laws of the State of Maryland with its principal office and principal place of business in Baltimore, Maryland. Intervenor CERES MARINE TERMINALS, INC.'s Complaint in Intervention asserts an affirmative claim for relief to recover on a subrogation lien claim by way of a judgment in favor of CERES MARINE TERMINALS, INC. in the amount of the longshore compensation benefits it has paid. Intervenor CERES MARINE TERMINALS, INC. is not a "defendant" to this action, and as such its consent to this removal is not required under 28 U.S.C. § 1446(b)(2)(A).

14. There is complete diversity between Plaintiff, Intervenor and Defendants, and all Defendants have provided their consent to this removal.

15. The threshold "amount in controversy" requirement of diversity jurisdiction is also met in this case, as the injuries and categories of claims set forth in the Complaint contemplate damages to Plaintiff which, if proven and recoverable, will **more likely than not** exceed the threshold amount of $75,000.00, exclusive of interest and costs. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (removal allowed where amount in controversy can "more likely than not be satisfied").

16. The Plaintiff's Complaint fails to set forth a specific damage amount sought, but the types and descriptions of the Plaintiff's injuries lead to the **plausible** conclusion that the "amount in controversy" in the case exceeds the jurisdictional limit of $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014)("a

1263815-1                                                                 4

defendant's notice of removal need include only a **plausible allegation** that the amount in controversy exceeds the jurisdictional threshold.") (emphasis added).

17.  Where, as here, the complaint makes a claim for an unspecified amount of damages, removal to federal court is appropriate if "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (adopting the Fifth and Ninth Circuits' "facially apparent" approach).

18.  It is facially apparent from Plaintiff's Complaint and other pleadings filed of record that the injuries he alleges to have sustained lead to the plausible conclusion that more than $75,000.00 is at stake. In that regard, Plaintiff seeks damages for "**pain and suffering, both physical and emotional**" along with "**permanent impairment,**" "medical expenses, past present and future," and lost wages (Complaint at ¶ 17), which are routinely compensated at levels far in excess of $75,000.00.

19.  By way of example, the Chatham County jury in *Deweese v. Ga. Ports Auth.*, 2012 WL 2335633, 2006-ST-CV-0600147 (Ga. State Ct. 2012),[1] awarded the plaintiff $5.6 million in a case involving an individual who sustained injuries to his neck and back while working as a longshoreman in the Port of Savannah. (*See* Jury Verdict Form, Exhibit A). Mr. Deweese's jury verdict of over $5.6 million dollars arose from injuries that required treatment giving rise to medical expenses of only $87,759.95, meaning the overall jury verdict (which factored in claims for lost wages along with pain and suffering, similar to those sought by

---

[1] Although the United States Supreme Court ruled in *Dart Cherokee Basin* that no evidence showing the amount in controversy need be presented by defendant in the initial Notice of Removal pleading, 135 S.Ct. at 555, representative awards are nonetheless provided here since this Court, in ascertaining whether the "amount in controversy" criterion is met, may rely upon "judicial experience and common sense" in making its determination. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

Plaintiff in the case at bar) calculates to over **64.5 times** the amount of Mr. Deweese's medical expenses. Although the amount of Mr. Knight's medical expenses for treatment of his own permanent impairment and pain and suffering is not pled in the Complaint or known with specificity at this time, it is certainly plausible that under the significant multiplier applied by the Deweese jury, even relatively low medical expenses of between $2,000 - $10,000 would result in an "amount in controversy" above $75,000.00.

20. In *Hancock v. City of Atlanta*, 2011 WL 9974813 (Ga. Super. Ct., February 25, 2011), a Fulton County, Georgia, jury awarded the plaintiff $1,144,750.00 in a negligence action for injuries to the plaintiff's foot, sustained when she tripped on uneven payment. Of particular note, the jury attributed $2,499.00 to past medical expenses, $125,166.00 to lost wages, and the remaining $1,017,085 to pain and suffering.

21. In *Hobbs v. Noe*, 2010 WL 6635869 (Ga. Super. Ct., May 15, 2010), a Macon County, Georgia, jury awarded the plaintiff $650,000.00 where the plaintiff's primary injuries were fractures to his left foot and right leg sustained in a motor vehicle accident.

22. In *Law v. Norfolk S. Ry. Co.*, 2011 WL 9170245 (Ga. Super. Ct., October 25, 2011), a Fulton County, Georgia, jury awarded the plaintiff $180,455.00 in damages after he sustained left leg injuries as a result of stepping in a hole while working.

23. In light of the "substantial" injuries alleged in Plaintiff's Complaint (*See* Complaint, ¶ 15), and the history of jury verdicts in incidents similar to that set forth in the Complaint, it is indeed a "plausible allegation" that the $75,000.00 "amount in controversy" requirement set forth in 28 U.S.C. § 1332(a) is satisfied in the case at bar.

## ALL PROCEDURAL REQUIREMENTS FOR
## REMOVAL HAVE BEEN SATISFIED

24. In their Answer to Amended Complaint filed contemporaneously herewith, Removing Defendants have denied and objected to personal jurisdiction in this case. Subject to and without waiving the foregoing personal jurisdiction objection, were personal jurisdiction proper in this case, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue for this Removal would otherwise be proper in this Court because the United States District Court for the Southern District of Georgia, Savannah Division, is the federal judicial district embracing the State Court of Chatham County, Georgia, where the State Court Action was originally filed and where the facts and circumstances giving rise to the Plaintiff's injuries are alleged to have transpired.

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached as Exhibit B.

26. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days of Defendant's receipt of Plaintiff's Amended Complaint dated March 6, 2017, which was served on Defendants on or about October 27, 2017.

27. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed with the Clerk of the State Court of Chatham County, Georgia.

28. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being given to all parties in this case.

WHEREFORE, Removing Defendants give notice that the State Court Action has been removed to this Honorable Court. By this Notice of Removal, Removing Defendants do not waive any objections they may have as to validity of service of process, validity of process, personal jurisdiction, or venue, or any other defenses or objections they may have to this action;

Removing Defendants intend no admission of fact, law, or liability; and Removing Defendants expressly reserve all defenses, motions, and pleas.

This 21st day of November, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/ Colin A. McRae
Colin A. McRae
Georgia Bar No. 499045
Kate Lawson Smith
Georgia Bar No.  399364
*Attorneys for Defendants Miyazaki Sangyo Kaiun Co., Ltd. and Hokoku Marine Co., Ltd*

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261
cmcrae@huntermaclean.com
ksmith@huntermaclean.com